Matter of the Mechanic's Lien of FERDINAND STEIGER, Claimant-Appellant, v. JULIUS LONDON and MOSES PRESS, Owners-Respondents.

(Supreme Court, Appellate Term, January, 1907.)

Jurisdiction — Jurisdiction of particular courts — City and marine courts.
Mechanics' liens — Bond or deposit to avoid lien — Power of City Court to approve.

> The City Court of the city of New York is without jurisdiction of an action to enforce a mechanic's lien amounting to over $2,000, and may not, therefore, direct the cancellation of a lien amounting to $7,300 upon giving an undertaking.

APPEAL from an order of the City Court of the city of New York.

Louis O. Van Doren, for appellant.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondents.

GILDERSLEEVE, J.    This is an appeal by a lienor from an order overruling the said lienor's objection to the jurisdiction of the City Court and approving an undertaking given to discharge a lien and directing the canceling of the lien.

The lien was for $7,300, and the amount of the undertaking $8,000. No action on the lien has been commenced. Section 315, subdivision 2, of the Code, gives the City Court jurisdiction in an action to foreclose or enforce a lien for labor and materials upon real property, without specifying any monetary limitation. Section 3399, however, provides that a mechanic's lien may be enforced by an action " in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt." Section 316, subdivision 1, of the Code, provides that, in an action for a sum of money only, in the City Court, the amount of the judgment cannot exceed $2,000, exclusive of interest and costs, except where the action is brought on a bond or undertaking given in an action or special proceeding in the same court, or before a justice thereof, or for breach of promise of marriage, or where it is a marine cause referred to in section 317. The Code also limits the jurisdiction of the City Court to $2,000 in an action to recover chattels, or to foreclose a lien on chattels, or where judgment is entered on confession; but nowhere is any limit specifically fixed in an action to foreclose a mechanic's lien, except as it is by section 3399, above quoted. The City Court is an inferior court, with no inherent powers, and depends entirely upon statutory permission in assuming jurisdiction; and the facts necessary to its jurisdiction will not be presumed, but must be made to appear affirmatively. 29 Misc. Rep. 283. The statute (Code, § 316) limits its jurisdiction, as we have seen, to $2,000 in an action for a sum of money, which limit is extended inferentially to actions to enforce a mechanic's lien by section 3399 of the Code; and nowhere is power conferred upon it to cancel a mechanic's lien for a sum in excess of this statutory limit.

We conclude, therefore, that the court was without jurisdiction in making the order in question; which is reversed, with ten dollars costs and disbursements.

BLANCHARD and DAYTON, JJ., concur.

Order reversed, with ten dollars costs and disbursem